IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HENDERSON TAVARRES,

    Plaintiff,

vs.                                                                                                                             No. CIV 24-0581 JB/KBM

WARREN BUFFET, BIRKSHIRE
HOTHOWAY ENTERPRISE FOUNDATION,
DEPARTMENT OF JUSTICE, U.S. DEPARTMENT
OF TREASURY, I.R.S. and EMILY TAYLOR KURUE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court following Plaintiff Henderson Tavarres' failure to prosecute his Emergency Request to Proceed In Forma Pauperis With Fed. Gov. 28 U.S.C. 1746 Federal Complaint Civil Rights Violation(s), filed June 6, 2024 (Doc. 1)("Complaint"). The Honorable Karen B. Molzen, United States Magistrate Judge for the United States District Court for the District of New Mexico, recently directs Tavarres to file a complaint on the United States District Court for the District of New Mexico's § 1983 form,[1] and either to prepay the $405.00 civil filing fee or, alternatively, to file a motion to proceed in forma pauperis within thirty days, as 28 U.S.C. § 1915(a) requires.  See Order to Cure Deficiency, filed April 4, 2025 (Doc. 3)("Cure Order").  Because Tavarres does not comply with the Cure Order, the Court dismisses this case without prejudice.

---

      [1]The United States District Court for the District of New Mexico's website provides a form complaint for pro se prisoners to bring claims pursuant to 42 U.S.C. § 1983, a statute which allows individuals to bring federal actions against State officials who violate their Constitutional and federal statutory rights under color of State law.  See 42 U.S.C. § 1983.

**BACKGROUND**

Tavarres commenced this case on June 6, 2024, while incarcerated at the Central State Prison in Macon, Georgia. See Complaint at 1. Construed liberally, Tavarres raises civil rights claims against the six Defendants. On June 7, 2024, the Clerk's Office sent Tavarres a blank § 1983 complaint and application to proceed in forma pauperis, but he has not returned the forms.

The Court referred this matter to Magistrate Judge Molzen for recommended findings and disposition, and to enter non-dispositive orders. See Order of Reference Relating to Prisoner Cases, filed June 10, 2024 (Doc. 2). By an Order entered April 4, 2025, Magistrate Judge Molzen directs Tavarres to file a complaint on the § 1983 form, and either to prepay the $405.00 civil filing fee or, alternatively, to file a motion to proceed in forma pauperis. See Cure Order at 1. Magistrate Judge Molzen set a deadline of May 5, 2025, for Tavarres to file a complaint on the § 1983 form and address the civil filing fee requirement. See Cure order at 1. The Cure Order warns that the failure to comply timely may result in the dismissal of this action without further notice. See Cure Order at 1.

Tavarres has not filed a complaint on the § 1983 form or addressed the civil-filing-fee requirement, shown cause for such failure, or otherwise responded to the Cure Order. The Court therefore considers whether to dismiss this case for failure to prosecute and to comply with the Court's rules and the Cure Order.

**ANALYSIS**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly

has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.")(quoting Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002)).  As the United States Court of Appeals for the Tenth Circuit explains, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation."  Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007).  "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court orders."  Olsen v. Mapes, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice."  Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009).  If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."  Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Center, 492 F.3d 1158, 1162 (10th Cir. 2016)("Nasious").  Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria."  Nasious, 492 F.3d at 1162.  Those criteria include: "the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions."  Nasious, 492 F.3d at 1162 (quoting Olsen v. Mapes, 333 F.3d at 1204).

Here, Tavarres has not filed a complaint on the § 1983 form or addressed the civil filing fee requirement, as the Cure Order and 28 U.S.C. § 1915(a)(2) require.  In light of these failures,

- 4 -

the Court dismisses this case pursuant to 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and to comply with rules and orders. See Olsen v. Mapes, 333 F.3d 1199 at 1204. After considering the factors in Nasious, the dismissal is without prejudice.

**IT IS ORDERED** that (i) the Plaintiff Henderson Tavarres' Emergency Request to Proceed In Forma Pauperis With Fed. Gov. 28 U.S.C. 1746 Federal Complaint Civil Rights Violation(s), filed June 6, 2024 (Doc. 1), is dismissed without prejudice; (ii) the Court will enter a separate Final Judgment disposing of this civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Henderson Tavarres
Macron, Georgia

    *Plaintiff pro se*